## Moses B. Odell v. Sheldon Reynolds.

*Waiver of Jury—References in Appealed Cases.*

Parties are deemed to waive their right to jury trial if they do not demand it in the manner prescribed by law. Const., Art. VI., sec. 27. *Held* (*a*) that where no method is prescribed, or where the conditions make this provision inapplicable or impossible to execute, the right is not waived by failing to demand it; (*b*) payment of the jury fee at the time the demand is made is not necessary to make the demand valid.

A case in the circuit court cannot be referred without the consent of the parties if within ten days after joining issue either has filed with the clerk a demand for jury trial. Comp. L., § 5809. *Held* not to apply where issue was joined in justice's court, and on appeal the demand was filed under Rule 61 by the first day of the term for which the case was noticed for trial, and on or before the first call of the calendar.

Error to Kalamazoo. Submitted November 19, 1878. Decided January 8, 1879.

Assumpsit. Plaintiff brings error. The necessary facts are in the opinion.

*Oscar T. Tuthill* for plaintiff in error. The power to make compulsory orders of reference is statutory and expressly limited to cases in which a proper demand for a jury has not been made, *People v. Wayne Circuit Judge*, 18 Mich., 483; *St. Paul etc. R. R. Co. v. Gardner*, 19 Minn., 132; *Mead v. Walker*, 17 Wis., 189; *Grimes v. Norris*, 6 Cal., 621; if a jury has been properly demanded, the case must be tried by jury, *O'Flynn v. Holmes*, 8 Mich., 98; *Ward v. People*, 30 Mich., 116; *Paul v. Detroit*, 32 Mich., 108; *Grovier v. Hall*, 23 Mich., 7; *Underwood v. McDuffee*, 15 Mich., 367. The pleadings must state the necessity of examining a long account, to warrant a compulsory reference for that reason, *Lord v. Connor*, 48 How. Pr., 95; *Ronalds v. Mechanics' Nat. Bank*, 37 N. Y. Superior Ct., 208; *Kain v. Delano*, 11 Abb. Pr. (N. S.), 29; *Magown v. Sinclair*, 5 Daly, 63.

*Hampden Kelsey* and *Wm. G. Howard* for defendant in error.

MARSTON, J. This case was commenced and tried in justice's court and then brought into the circuit court upon appeal. At the time of filing note of issue with the clerk of the circuit court, a written demand was made and filed that the cause be tried by a jury. Afterwards the court of its own motion, the attorneys of the respective parties objecting thereto, caused an order to be entered, reciting therein that it appearing to the court the trial would require the examination of a long account, the cause be referred to Germain H. Mason pursuant to the statute. This is alleged as error.

The statute authorizes the court upon its own motion to direct a reference, when the trial of an issue of fact requires the examination of mutual accounts, or of a long account on one side, or where the taking of an account shall be necessary for the information of the court before judgment, "but no such case shall be referred if either party shall, within ten days after the joining issue, file with the clerk a written demand for a trial by jury." 2 Comp. Laws, § 5809.

This case having been commenced in justice's court, and the issue there joined, no written demand for a trial by jury could have been filed in the circuit court in accordance with the above provision. If therefore this provision of the section can be held as applicable only to cases commenced in the circuit court, would it not follow that the other provision of the same section, authorizing a reference upon the court's own motion, should be so limited also? Under the constitution the parties are entitled as matter of right to a jury trial, but in civil cases they shall be deemed to have waived this right, unless a jury is demanded in such manner as shall be prescribed by law.

It is only, therefore, after a method of demanding a jury has been prescribed, that a party can be said to

have waived his right by not demanding. And a right to demand at a time which by no possibility can be complied with, and is inapplicable to the case, cannot be considered as a manner prescribed by law within the meaning of this constitutional provision.

Circuit Court Rule 61 provides that a party desirous of a trial by jury shall make his demand therefor in writing and file the same with the clerk on or before the first day of the term for which the cause is noticed for trial, and at or before the first call of the calendar; otherwise he shall be deemed to have waived his right to a jury. The demand in this case was clearly made within the time and in the manner herein prescribed. The parties having thus asserted their right, they could not be deprived thereof against their consent. Indeed, the court, it seems, did not proceed upon the theory that the right had been waived.

It is suggested that under § 4953 the jury fee should have been paid, and it not having been in this case, the demand was not made in the manner prescribed by law. This payment need not be made at the time the jury is demanded. The most that could be insisted upon would be to require payment before the jury should be called in the case or sworn; but whether this is so or not, a failure to pay at the time the demand is made cannot be considered as nullifying the demand.

I am of opinion that the court erred in referring the case, and that the judgment should be reversed with costs, and a new trial ordered.

The other Justices concurred.